**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------x
**RICHARD REJHON,**

                **Plaintiff,**

                    **-and-**

**THE CITY OF NEW YORK, BILL DE BLASIO, as Mayor of The City of New York, THE CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION, HENRY GUTMAN, as Commissioner of The City of New York Department of Transportation, THE CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, LISETTE CAMILO, as Commissioner of The City of New York Department of Citywide Administrative Services, SEUPERSAUD BHARAT, KATHY WALCOTT, ERIC DORCEAN, and PETER WISMER,**

                **Defendants,**

-------------------------------------------------------------------------------x

**Case No. 21 Civ. 4510**

**COMPLAINT**

**(Jury Trial Demanded)**

      Plaintiffs Richard Rejhon (hereinafter individually referred to as "Plaintiff"), by and through his undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendants The City of New York, Bill De Blasio, The City of New York Department of Transportation, Henry Gutman, The City of New York Department of Citywide Administrative Services, Lisette Camilo, Seupersaud Bharat, Kathy Walcott, Eric Dorcean and Peter Wismer (hereinafter collectively referred to as "Defendants") and allege, upon personal knowledge, and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1.     Plaintiff complains pursuant to the Rehabilitation Act of 1973, 29 U.S.C. 701 et seq. (hereinafter, "Rehabilitation Act"), Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter, "ADA"), the New York City Human Rights Law, N.Y. City Admin. Code, § 8-101

*et seq.*, (hereinafter "NYCHRL"), and the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (hereinafter, "NYSHRL"), and seeks declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of Defendant's violation of the Rehabilitation Act, ADA, NYSHRL, and NYCHRL on the basis of Plaintiff's disability.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Rehabilitation Act and ADA claims arise under the laws of the United States, i.e., 42 U.S.C. § 12101 et seq. and 29 U.S.C. 701 et seq., and 28 U.S.C. § 1337 because the rights contained in the ADA were created by congress using its power to regulate commerce.

3.      This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the Rehabilitation Act and ADA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

4.      This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PROCEDURAL PREREQUISITES

6.      In or around July 20, 2020, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission alleging that his Defendants discriminated against her based on his hearing disability.

7.      In or around May 25, 2021, Plaintiff was issued a right to sue letter and fewer than ninety days have elapsed since Plaintiff received the same.

## PARTIES

8.      Plaintiff was born in 1962 and at all relevant times herein has resided in Queens County, within the City of New York.

9.      At all relevant times herein, Plaintiff has used, and continues to use, hearing aids in both ears and has little or no ability to hear in his left ear.

10.      At all times relevant herein, Plaintiff has is, and has been, a "qualified individual" as defined within 42 U.S.C. § 12111(8).

11.      Defendant The City of New York is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

12.      At all relevant times herein, The City of New York is a "covered entity" as defined within 42 U.S.C. § 12111(2).

13.      At all relevant times herein, The City of New York is, and has been, an "employer" as defined within 42 U.S.C. § 12111(5).

14.      Defendant Bill De Blasio is the Mayor of the City of New York, whose general powers and related limitations are within the N.Y. City Charter, Chapter 1, §§ 1 – 20-l, and N.Y. City Admin. Code §§ 3-101 et seq.

15.      Defendant The City of New York Department of Transportation (hereinafter "DOT") is a mayoral agency of The City of New York organized and existing under the New York City Charter, Chapter 71 §§ 2901 *et seq*. and the New York City Administrative Code, Title 19, §§ 19-101 et seq.

16.      At all relevant times herein, DOT is a "covered entity" as defined within 42 U.S.C. § 12111(2).

3

17.     At all relevant times herein, DOT is, and has been, an "employer" as defined within 42 U.S.C. § 12111(5).

18.     Defendant Henry Gutman is the Commissioner of DOT and whose general powers and related limitations are within the N.Y. City Charter, Chapter 35, §§ 810 – 829, and N.Y. City Admin. Code, Title 19, Chapters 1 – 10, §§ 19-101 - 19-1005.

19.     Defendant The City of New York Department of Citywide Administrative Services ("DCAS"), is an agency of the City of New York authorized and existing pursuant to N.Y. Civil Service Law § 15 and NY City Charter §§ 810-829.

20.     At all relevant times herein, DCAS is a "covered entity" as defined within 42 U.S.C. § 12111(2).

21.     At all relevant times herein, DCAS is, and has been, an "employer" as defined within 42 U.S.C. § 12111(5).

22.     Defendant Lisette Camilo is the Commissioner of DCAS and has the powers and duties set forth in the New York City Charter, Chapter §§ 810, et seq., and New York City Administrative Code, Title 12, §§ 12-201 – 12-210.

23.     Defendants The City of New York, The City of New York Department of Transportation, and The City of New York Department of Citywide Administrative Services receive direct and indirect federal funding and are subject to the Rehabilitation Act.

24.     Seupersaud Bharat is an employee of The City of New York Department of Transportation who is assigned to work as a Supervisor of Mechanics, (Mechanical Equipment).

25.     Kathy Walcott is an employee of The City of New York Department of Transportation who is assigned to work as a Personnel Coordinator of Fleet Service.

26.     Eric Dorcean is an employee of The City of New York Department of Transportation with an underlying civil service title of Supervisor of Mechanics, (Mechanical Equipment) and who is assigned to work as Director of Fleet Services.

27.     Peter Wismer is an employee of The City of New York Department of Transportation with an underlying civil service title of Supervisor of Mechanics, (Mechanical Equipment) and who is assigned to work as Chief of Operations (Supervisor of Mechanics).

28.     Defendants Bharat, Walcott, Dorcean, and Wismer are each a "person" as defined within N.Y. City Admin. Code § 8-102.

29.     At all relevant times herein, Defendants are each, individually and collectively, an "employer", as defined within N.Y. Executive Law § 292(5).

30.     At all relevant times herein, Defendants are each, individually and collectively, an "employer", as defined within N.Y. City Admin. Code § 8-102.

## FACTUAL ALLEGATIONS

31.     In or around October 2002, Plaintiff was appointed to the Auto Mechanic civil service position for The City of New York Department of Transportation.

32.     Plaintiff obtained this appointment after having sat for and passing a competitive civil service position for the Auto Mechanic position, which was subject to a one-year probationary period before becoming a permanent civil service position with due process protections.

33.     At all relevant times herein, Plaintiff is, and has been, hearing impaired and is affected to the extent that the frequency and intensity is so compromised that he must wear hearing aids to ameliorate his loss of hearing.

34.     Even when Plaintiff wears hearing aids, he will, nevertheless, experiences difficulty understanding words and speech when there is background noise.

35.     By virtue of his impairment, Plaintiff has difficulty adjusting his voice for any given context and will often, unintentionally, speak louder than others.

36.     In or around March 21, 2012, Defendants prepared and published an Amended Notice of Examination for Exam No. 2506 ("Exam No. 2506") setting for the minimum qualifications required for promotion to the Supervisor of Mechanics (Mechanical Equipment), a permanent civil service position.

37.     Exam No. 2506 was a promotional competitive examination that was only open to approximately five civil service positions, including, in part, Auto Mechanic.

38.     The Notice of Examination stated that the position of Supervisor of Mechanics (Mechanical Equipment) involved supervising and directing the work of assigned personnel in connection with the repair, overhaul and maintenance of various types of mechanical equipment, motor vehicles and automotive equipment, under either general and/or direct supervision.

39.     In or around April 2012, Plaintiff sat for and passed the competitive civil service examination for appointment to the Supervisor of Mechanics (Mechanical Equipment).

40.     Plaintiff had the requisite skill, experience, education and other job-related requirements for appointment to the position of Supervisor of Mechanics (Mechanical Equipment), with or without a reasonable accommodation.

41.     In or around September 17, 2018, Plaintiff was appointed to the position of Supervisor of Mechanics (Mechanical Equipment) after passing a promotional civil service examination, Exam No. 2506, and being selected from the resulting certified civil service list.

42.     Plaintiff's appointment to the position of Supervisor of Mechanics (Mechanical Equipment) was subject to successful completion of a one-year probationary period before Plaintiff acquired a property interest and due process protections with respect to this position.

43.     After being appointed to the Supervisor of Mechanics (Mechanical Equipment) position, Plaintiff was subjected to unlawful discrimination because he was hearing impaired.

44.     At all relevant times herein, Defendants were notice that Plaintiff had a hearing impairment because Plaintiff was subject to annual hearing tests that have put Defendants on notice that Plaintiff has suffered significant hearing loss and that he is, by virtue of this impairment, disabled under the Rehabilitation Act, ADA, NYSHRL, and NYCHRL.

45.     Defendants were also fully aware that Plaintiff wears hearing aids because it is noted in Defendants' records relating to Defendants' employer sponsored annual hearing tests, which states, in part, "[e]mployee uses hearing aids in both ears and reports complete hearing loss in left ear."

46.     Plaintiff was discriminated against by Defendants during his probationary period for the Supervisor of Mechanics (Mechanical Equipment) position because he was hearing impaired.

47.     For example, Plaintiff did not receive his tasks and standards and performance evaluations on a timely basis, having his probationary period extended in violation of Defendants' own rules, terminating Plaintiff from his probationary position, refusing to consider Plaintiff's appeal to a negative performance evaluation and failing to investigate Plaintiff's complaint of discrimination.

48.     As and for another example, in or around February 2019, Plaintiff was directed to report for duty at the Harper Street worksite and Seupersaud Bharat, Supervisor of Mechanics (Mechanical Equipment), Plaintiff's direct supervisor, assigned Plaintiff to perform the duties of Mr. Palamar, a supervisor who was on vacation but refused to provide Plaintiff with access to the computer database that was necessary to perform the assigned duties.

49.     Plaintiff pointed out that he had not been provided with the proper credentials to Mr. Bharat, who was aware that Plaintiff was hearing impaired, and instead of helping Plaintiff, he closed out the assignment, which made it appear as though Plaintiff had not performed the assignment.

50.     When Plaintiff objected to the assignment being closed out under these circumstances, Mr. Bharat yelled at, berated, and demeaned Plaintiff.

51.     Shortly thereafter, Mr. Bharat accused Plaintiff of shouting at him and having an angry outburst in a February 26, 2019 email wherein he sought to have Plaintiff disciplined.

52.      At the time that Mr. Bharat sent the February 26, 2019 email, he was aware that Plaintiff is hearing impaired and that he sometimes spoke loudly because of his impairment.

53.     Notably, Mr. Bharat attempted to invoke the disciplinary process by preparing a Record of Progressive Discipline, which contemplated a meeting to address any perceived transgressions and create a record of the meeting.

54.     Mr. Bharat deprived Plaintiff of a meeting prior to preparing and submitting a Record of Progressive Discipline, which was in violation of Defendants' written policies and procedures.

55.     On another occasion, in or around August 2019, Plaintiff asked Kathy Walcott, Personnel Coordinator of Fleet Services, to answer a phone that was ringing in the Bronx Shop, as he was making his way over to answer it, because she very was close to the phone and Plaintiff wanted to avoid missing the call.

56.     Ms. Walcott accused Plaintiff of yelling at her and when Plaintiff explained to her that he was hearing impaired, she effectively called him a liar and told Plaintiff that he was intentionally rude to her.

57.     Ms. Walcott reported Plaintiff's perceived transgression of yelling at her and as a result Plaintiff was subsequently called to a meeting with Eric Dorcean, who was three levels above Plaintiff on the chain command and also Director of Fleet Services, Peter Wismer, Chief of Operations (Supervisor of Mechanics), and Ms. Walcott.

58.     Prior to the meeting, in email, dated August 15, 2019, Ms. Walcott documented another alleged incident involving Manuel Matos, Plaintiff's subordinate, wherein he complained that Plaintiff issued him a direct order to provide Plaintiff with his timesheet and that when Mr. Matos told Plaintiff to wait, Plaintiff threatened to send him home.  According to Ms. Walcott, Mr. Matos provided Plaintiff with the timesheet and Plaintiff allegedly called him a troublemaker.

59.     In the same email, Ms. Walcott also recounted Mr. Matos' allegations concerning a conversation that Plaintiff allegedly had with him wherein he mentioned to Plaintiff that he had worked at The City of New York Department of Sanitation under the supervision of Danny Johnson.

60.     In her email, Ms. Walcott's alleged that Mr. Matos accused Plaintiff of calling Mr. Johnson and asking about Mr. Matos' history at the Department of Sanitation and that when Mr. Matos learned, he got upset.

61.     At the meeting itself, Ms. Walcott's emails and complaints were discussed and Plaintiff explained that he and Mr. Johnson were military war veterans and that they have been friendly since 1984.

62.     Plaintiff explained that he spoke to Mr. Johnson as a friend and mentioned the individuals who reported to him, including Mr. Matos.

63.     When asked about his interactions with Mr. Matos, Plaintiff explained that any reference about sending anybody home was a joke and that it was clear, contextually, that Plaintiff was joking around.

64.     Plaintiff was told that the two incidents involving Mr. Matos were unwarranted and established that Plaintiff had a problem with Mr. Matos.  Plaintiff was told that he could not call someone's former supervisor because it was inappropriate.

65.     During this meeting, Ms. Walcott openly stated that she did not like Plaintiff's "loud voice."

66.     When Plaintiff explained that he was hearing impaired and that he sometimes spoke loudly without realizing it and Ms. Walcott accused Plaintiff of not being truthful and that she could tell that Plaintiff was yelling at her because of his demeanor.

67.     Mr. Dorcean and Mr. Wismer cautioned Plaintiff that his behavior, including his volume when speaking, was unacceptable and that it had to change.

68.     In addition to the aforementioned, Defendants subjected Plaintiff to discrimination on the basis of his disability in the conduct of his probation evaluations.

69.     For example, Plaintiff did not receive his tasks and standards until February 7, 2019, even though Plaintiff was appointed on September 17, 2018, which was in violation of Defendants' policies and procedures, that required that every other probationary employee in The City of New York immediately receive, upon appointment to their new probationary position, written tasks and standards to apprise them of the metrics by which their performance be will be measured,

70.     Defendants' failure to provide Plaintiff with his tasks and standards at the start of his probationary evaluation period violated Defendants' policies and procedures, as reflected within R.C.N.Y. tit. 55. 55 Appendix ¶ 7.5.4(e) § 5 (2021).

71.     Moreover, Plaintiff did not receive his first probationary evaluation until July 1, 2019, or 41 weeks had passe, in violation of DCAS' Personal Rules and Regulations of the City of New York, Rule 7.5.6, entitled, *Sub-Managerial Performance Evaluations for Probationary Employees,* which entitled Plaintiff to quarterly performance evaluations during his one-year probationary period.

72.     Mr. Arce also discriminated against Plaintiff in a memorandum, dated July 23, 2019, wherein he wrote that Plaintiff was under his supervision in September 2018 and November 2018 to December 2018 and that Plaintiff was "short with employees" and that Plaintiff was "overwhelmed"; however, he did not provide a scintilla of evidence or a single example in support of these false allegations, nor did he ever discuss his perceived shortcomings with Plaintiff at that time.

73.     Defendants also discriminated against Plaintiff by unlawfully extending his probationary period in violation of its own policies and procedures.

74.     In or around August 22, 2019, Plaintiff was put on notice that Defendants wanted to extend his probationary period.

75.     At the time, Plaintiff's probationary period was set to expire on September 16, 2019; hence, Defendants did not provide Plaintiff with one month's notice, in violation of Defendants policies, i.e., Personnel Service Bulletin (PSB), No. 200-6(II)(C).

76.     Defendants extended Plaintiff's probation in excess of six months, also in violation of Defendants' rules.

77.    Defendants extended Plaintiff's probation without seeking the approval of Defendant DCAS at least two weeks before the extension was to begin, in violation of Defendants' rules, i.e., Personnel Service Bulletin (PSB), No. 200-6(II)(C).

78.    Defendants issued Plaintiff two performance evaluations within days apart, on February 7, 2020, and February 11, 2020, in violation of R.C.N.Y. tit. 55, Appendix ¶ 7.5.6(a) (2021).

79.    The February 7, 2020 Non-Managerial Tasks and Standards Performance Evaluation, that Defendants issued to Plaintiff was conducted by Mr. Wismer who issued Plaintiff an overall "Conditional" rating and reasoned that this was due to, "Progressive discipline on 2/3/19 code of conduct 3 by Class II Supervisor Bharat.  Richard does good job holding GPC to accountability."

80.    As to the February 11, 2020 evaluation, Mr. Wismer rated Plaintiff as being unsatisfactory in 3 out of 11 and recommended Plaintiff's demotion.

81.    Defendants did not describe any substantive and/or specific examples of any shortcomings in the actual performance in any of Plaintiff's performance evaluations.

82.    On February 11, 2020, Helene Holloway, Director of Personnel, sent Plaintiff a letter stating that Plaintiff's probationary appointment was being terminated effective that day, at the close of business and that he was being demoted to his underlying permanent civil service title, Auto Mechanic, effective February 12, 2020.

83.    Plaintiff was demoted from Supervisor of Mechanics (Mechanical Equipment) to the Auto Mechanic despite having performed the essential functions of the Supervisor of Mechanics (Mechanical Equipment) for the entire duration of his appointment.

84.    The demotion from Supervisor of Mechanics (Mechanical Equipment) to Auto Mechanic in a loss of pay of at least $40,000 per year.

85.     On February 14, 2020, Plaintiff filed a Performance Evaluation Appeal and Complaint of Discrimination, pursuant to the procedures as laid out in the February 5, 2020 evaluation.

86.     In his complaint of discrimination, Plaintiff explained that he was hearing impaired and as a result sometimes spoke louder than the average person and that this was used as a basis to deny him continued employment in the position of Supervisor of Mechanics (Mechanical Equipment).

87.     Defendants failed to conduct an investigation or action taken in response to Plaintiff's complaints and appeal.

88.     As a result of the Defendants' discriminatory actions, Plaintiff has suffered from anxiety, stress, depression, emotional pain, and loss of sleep, and suffered friction in his relationships with friends and family.

## AS A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS THE CITY OF NEW YORK, DOT, AND DCAS FOR DISCRIMINATION UNDER THE REHABILITATION ACT

89.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

90.     At all relevant times herein, Plaintiff has had a "disability" as defined within 29 U.S.C. § 705(9).

91.     At all relevant times herein, Plaintiff has had a record demonstrating that he has impaired hearing.

92.     At all relevant times herein, Defendants were aware that Plaintiff had a record demonstrating that he had impaired hearing.

93.     Plaintiff's impaired hearing is a physical impairment that substantially limits Plaintiff's ability to perform and/or engage in major life activities, including hearing, speaking, communicating with others, and working.

94.     Defendants regarded Plaintiff as having a disability and handicap because Plaintiff is hearing impaired.

95.     The Rehabilitation Act of 1973, 29 U.S.C. § 794 provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Development Disabilities Act of 1978. Copies of any proposed regulations shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date of which such regulation is so submitted to such committees.

96.     The protections within the Rehabilitation Act and the supporting Code of Federal Regulations apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

97.     Defendants discriminated against Plaintiff on the basis of his disability, in violation of the Rehabilitation Act.

98.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the Rehabilitation Act, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

99.     Due to Defendants' Rehabilitation Act violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

100.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the Rehabilitation Act.

## <u>AS A SECOND CAUSE OF ACTION</u>
### AGAINST DEFENDANTS THE CITY OF NEW YORK, DOT, AND DCAS FOR HOSTILE WORK ENVIRONMENT UNDER THE REHABILITATION ACT

101.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

102.    At all relevant times herein, Plaintiff has had a "disability" as defined within 29 U.S.C. § 705(9).

103.    At all relevant times herein, Plaintiff has had a record demonstrating that he has impaired hearing.

104.    At all relevant times herein, Defendants were aware that Plaintiff had a record demonstrating that he had impaired hearing.

105.    Plaintiff's impaired hearing is a physical impairment that substantially limits Plaintiff's ability to perform and/or engage in major life activities, including hearing, speaking, communicating with others, and working.

106.    At all relevant times herein, Defendants regarded Plaintiff as having a disability and handicap because Plaintiff is hearing impaired.

107.    The Rehabilitation Act of 1973, 29 U.S.C. § 794 provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in,

> be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Development Disabilities Act of 1978. Copies of any proposed regulations shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date of which such regulation is so submitted to such committees.

108.    The protections within the Rehabilitation Act and the supporting Code of Federal Regulations apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

109.    Defendants violated the Rehabilitation Act by subjecting Plaintiff to a workplace that was so severely permeated with discriminatory intimidation, ridicule, and insult, based on Plaintiff's disability, that the terms and conditions of his employment where thereby altered.

110.    Defendants knew or reasonably should have known of the severe and pervasive nature of the disability harassment that Plaintiff was subjected to.

111.    Defendants failed to take prompt and remedial action to address the disability based hostile work environment that Plaintiff was subjected to.

112.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the Rehabilitation Act, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

113.

114.    Due to Defendants' Rehabilitation Act violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

115.     Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the

Rehabilitation Act.

**AS A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS THE CITY OF NEW YORK, DOT, AND DCAS FOR**
**DISCRIMINATION UNDER THE ADA**

51.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs in

this complaint.

52.     At all relevant times herein, Plaintiff has had a record demonstrating that he has impaired

hearing.

53.     At all relevant times herein, Defendants were aware that Plaintiff had a record

demonstrating that he had impaired hearing.

54.     Plaintiff's impaired hearing is a physical impairment that substantially limits Plaintiff's

ability to perform and/or engage in major life activities, including hearing, speaking,

communicating with others, and working.

55.     Defendants regarded Plaintiff as having a disability and handicap because Plaintiff is

hearing impaired.

56.     The ADA, § 12112(a), provides that:

> No covered entity shall discriminate against a qualified individual
> on the basis of disability in regard to job application procedures, the
> hiring, advancement, or discharge of employees, employee
> compensation, job training, and other terms, conditions, and
> privileges of employment.

57.     The protections within the ADA and the supporting Code of Federal Regulations apply to

Defendants and protect Plaintiff against unlawful employment discrimination on the basis of

disability.

58.     Defendants violated this statute by discriminating against Plaintiff in violation of the ADA.

59.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the ADA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

60.     Due to Defendants' ADA violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

61.     Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the ADA.

### AS A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS THE CITY OF NEW YORK, DOT, AND DCAS FOR
### HOSTILE WORK ENVIRONMENT UNDER THE ADA

116.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

117.     At all relevant times herein, Plaintiff has had a record demonstrating that he has impaired hearing.

118.     At all relevant times herein, Defendants were aware that Plaintiff had a record demonstrating that he had impaired hearing.

119.     Plaintiff's impaired hearing is a physical impairment that substantially limits Plaintiff's ability to perform and/or engage in major life activities, including hearing, speaking, communicating with others, and working.

120.     Defendants regarded Plaintiff as having a disability and handicap because Plaintiff is hearing impaired.

121.    The ADA, § 12112(a), provides that:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

122.    The protections within the ADA and the supporting Code of Federal Regulations apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

123.    Defendants violated the ADA by subjecting Plaintiff to a workplace that was so severely permeated with discriminatory intimidation, ridicule, and insult, based on Plaintiff's disability, that the terms and conditions of his employment where thereby altered.

124.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the ADA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

125.

126.    Defendants knew or reasonably should have known of the severe and pervasive nature of the disability harassment that Plaintiff was subjected to.

127.    Defendants failed to take prompt and remedial action to address the disability based hostile work environment that Plaintiff was subjected to.

128.    Due to Defendants' ADA violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

## AS A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR
## DISCRIMINATION UNDER THE NYCHRL

62.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

63.     At all relevant times herein, Plaintiff has been "disabled" within the meaning of N.Y. City Admin. Code § 8-102.

64.     NYCHRL § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65.     The protections within the NYCHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

66.     Defendants engaged in unlawful discriminatory practices in violation of NYCHRL § 8-107(1) by discriminating against Plaintiff based on Plaintiff's disability.

67.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

68.     At all relevant times herein, Plaintiff has been a "person aggrieved", as defined within N.Y. City Admin. Code § 8-102, as a result of Defendants' unlawful discriminatory conduct.

69.     Due to Defendants' NYCHRL violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

70.     Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of the NYCHRL.

**AS A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS BHARAT, WALCOTT, DORCEAN, AND WISMER FOR**
**INTERFERENCE UNDER NYCHRL**

71.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

72.     At all relevant times herein, Plaintiff has been "disabled" within the meaning of N.Y. City Admin. Code § 8-102.

73.     NYCHRL § 8-107(19) provides that:

> It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

74.     The protections within the NYCHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

75.     Thus, Defendants unlawfully discriminated against the Plaintiff by interfering with his rights protected under the NYCHRL by threatening him with discipline for conduct that was caused by Plaintiff's disability.

76.     At all relevant times herein, Plaintiff has been a "person aggrieved", as defined within N.Y. City Admin. Code § 8-102, as a result of Defendants' unlawful discriminatory conduct.

77.     As a direct and proximate result of Defendants Bharat's, Walcott's, Dorcean's, and Wismer's unlawful discriminatory conduct, in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

78.     Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

79.     Due to Defendants' NYCHRL violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

80.     Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the NYCHRL.

## AS AN SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS BHARAT, WALCOTT, DORCEAN, AND WISMER FOR AIDING AND ABETTING UNDER NYCHRL

129.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

130.    At all relevant times herein, Plaintiff has been "disabled" within the meaning of N.Y. City Admin. Code § 8-102.

131.    The NYCHRL, NYC Administrative Code, § 8-107(6) provides:

> a.      Aiding and abetting.  It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so.

132.    The protections within the NYCHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

133.    Defendants Bharat, Walcott, Dorcean, and Wismer unlawfully discriminated against the Plaintiff by aiding and abetting Defendants The City of New York's, DOT's, and DCAS' unlawful discriminatory conduct, in violation of the NYCHRL.

134.    Defendants Bharat, Walcott, Dorcean, and Wismer NYCHRL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

135.    As a direct and proximate result of Defendants Bharat's, Walcott's, Dorcean's, and Wismer's unlawful discriminatory conduct, in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

136.    Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

137.    At all relevant times herein, Plaintiff has been a "person aggrieved", as defined within N.Y. City Admin. Code § 8-102, as a result of Defendants' unlawful discriminatory conduct.

138.    Plaintiff hereby makes a claim against Defendants Bharat, Walcott, Dorcean, and Wismer under all applicable paragraphs of the NYCHRL.

<u>AS AN EIGHTH CAUSE OF ACTION</u>
**AGAINST DEFENDANTS FOR**
**DISCRIMINATION UNDER NYSHRL**

81.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

82.    At all relevant times herein, Plaintiff has been disabled within the meaning of N.Y. Executive Law § 292(21).

83.    At all relevant times herein, Defendants Bharat, Walcott, Dorcean, and Wismer each, individually and collectively, had the authority to hire employees, including Plaintiff's employment.

84.    At all relevant times herein, Defendants Bharat, Walcott, Dorcean, and Wismer each, individually and collectively, had the authority to fire employees, including Plaintiff's employment.

85.    The NYSHRL, Executive Law, Article 15, § 296(1) provides that it shall be an unlawful

employment practice:

> (a) for an employer or licensing agency, because of an individual's
> age, race, creed, color, national origin, sexual orientation, military
> status, sex, disability, predisposing genetic characteristics, marital
> status, or domestic violence victim status, to refuse to hire or
> employ or to bar or to discharge from employment such individual
> or to discriminate against such individual in compensation or in
> terms, conditions or privileges of employment.

86.    The protections within the NYSHRL apply to Defendants and protect Plaintiff against

unlawful employment discrimination on the basis of disability.

87.    Defendant violated the NYSHRL, Executive Law, Article 15, § 296(1), by discriminating

against Plaintiff based on his disability.

88.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in

violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish

and emotional distress.

89.    Due to Defendants' NYSHRL violations, Plaintiff is entitled to recover back pay,

reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages,

reasonable attorneys' fees and costs.

90.    Plaintiff hereby makes a claim against Defendant under all the applicable paragraphs of

the NYSHRL.

## AS A NINTH CAUSE OF ACTION
### AGAINST DEFENDANTS FOR
### DISABILITY BASED HOSTILE WORK ENVIRONMENT UNDER NYSHRL

139.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs in

this complaint.

140.    At all relevant times herein, Plaintiff has been disabled within the meaning of N.Y.

Executive Law § 292(21).

141.    At all relevant times herein, Plaintiff has had a record demonstrating that he has impaired

hearing.

142.    At all relevant times herein, Defendants were aware that Plaintiff had a record

demonstrating that he had impaired hearing.

143.    Plaintiff's impaired hearing is a physical impairment that substantially limits Plaintiff's

ability to perform and/or engage in major life activities, including hearing, speaking,

communicating with others, and working.

144.    Defendants regarded Plaintiff as having a disability and handicap because Plaintiff is

hearing impaired.

145.    The NYSHRL, Executive Law, Article 15, § 296(1) provides that it shall be an unlawful

employment practice:

> (a) for an employer or licensing agency, because of an individual's
> age, race, creed, color, national origin, sexual orientation, military
> status, sex, disability, predisposing genetic characteristics, marital
> status, or domestic violence victim status, to refuse to hire or
> employ or to bar or to discharge from employment such individual
> or to discriminate against such individual in compensation or in
> terms, conditions or privileges of employment.

146.    The protections within the NYSHRL and the supporting regulations apply to Defendants

and protect Plaintiff against unlawful employment discrimination on the basis of disability.

147.    Defendants violated the NYSHRL by subjecting Plaintiff to a workplace that was so

severely permeated with discriminatory intimidation, ridicule, and insult, based on Plaintiff's

disability, that the terms and conditions of his employment where thereby altered.

148.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

149.    Defendants knew or reasonably should have known of the severe and pervasive nature of the disability harassment that Plaintiff was subjected to.

150.    Defendants failed to take prompt and remedial action to address the disability based hostile work environment that Plaintiff was subjected to.

151.    Due to Defendants' NYSHRL violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

**AS A TENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS BHARAT, WALCOTT, DORCEAN, AND WISMER FOR**
**AIDING AND ABETTING UNDER NYSHRL**

152.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

153.    The NYSHRL, N.Y. Executive Law §296(6), provides that:

> It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.

154.    The protections within the NYSHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

155.    Defendants Bharat, Walcott, Dorcean, and Wismer unlawfully discriminated against the Plaintiff by aiding and abetting Defendants The City of New York's, DOT's, and DCAS' unlawful discriminatory conduct, in violation of the NYSHRL.

156.    Defendants Bharat, Walcott, Dorcean, and Wismer NYSHRL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

157.    As a direct and proximate result of Defendants Bharat's, Walcott's, Dorcean's, and Wismer's unlawful discriminatory conduct, in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress.

158.    Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

159.    Due to Defendants' NYCHRL violations, Plaintiff is entitled to recover back pay, reinstatement, or in lieu of reinstatement, front pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

160.    Plaintiff hereby makes a claim against Defendants Bharat, Walcott, Dorcean, and Wismer under all applicable paragraphs of the NYCHRL.

161.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the NYCHRL.


**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

    A.    Declaring that Defendants discriminated against Plaintiff on the basis of his disability, in violation of the Rehabilitation Act, ADA, NYCHRL, and NYSHRL;

    B.    An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D.  Awarding liquidated damages;

E.  Awarding Plaintiff back pay, retroactive benefits, and reinstatement, or in lieu of reinstatement, front pay and benefits;

F.  Granting Plaintiff a permanent injunction enjoining Defendants, its agents, successors and employees, and those acting on behalf of Defendants, from continuing to violate Plaintiff's protected rights;

G.  Awarding Plaintiff attorneys fees, costs, and expenses incurred in the prosecution of the action;

H.  Awarding Plaintiff Punitive Damages;

I.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a jury of all issue to be tried.

Date:   August 11, 2021
        New York, NY

                                    The Law Offices of
                                    Fausto E. Zapata, Jr., P.C.

                            By:     _____
                                    Fausto E. Zapata, Jr. (FZ 4957)
                                    *Attorneys for Plaintiff*
                                    277 Broadway, Suite 206
                                    New York, NY 10007
                                    Tel. (212) 766-9870